**Matthew B. Crane** (UTB# 13909)
FORD & CRANE PLLC
P.O. Box #451
Lehi, Utah 84043
Telephone: (801) 753-8002
Email: matthew.crane@fordcranelaw.com
*Attorney for Plaintiff Linda Suda*

## IN THE UNITED STATES DISTRICT COURT,
## IN AND FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| LINDA SUDA,<br><br>　　　　Plaintiff,<br>vs.<br><br>WHITE BULL, LLC, a Utah limited liability company, John Does I – X, XYZ Corporations and/or Limited Liability Companies I – X.<br><br>　　　　Defendants. | **COMPLAINT**<br><br>Case No. 2:23-CV-918 |

　　　　Plaintiff Linda Suda, by and through her attorney Matthew B. Crane of Ford & Crane PLLC, hereby files complaint against White Bull, LLC, a Utah limited liability company, John Does I – X, Corporations I – X and/or Limited Liability Companies I – X, and alleges as follows:

### **INTRODUCTION**

　　　　1.　　This action seeks redress against Defendants in the form of declaratory relief and a permanent injunction to enjoin Defendants' unlawful violation of Title III of the Americans with Disabilities Act[1] (the "ADA" or the "Act"), along with attorney's fees and costs as allowed

---
[1] 42 U.S.C. §12181, *et. seq.*

by the Act[2]. Defendants maintain illegal architectural barriers to access on its premises and have failed to make necessary modifications to allow persons with disabilities to fully enjoy the goods and services offered to the general public as required by the ADA[3].

  2. On July 26, 1990, the United States Department of Justice issued design standards to be implemented in the construction of new buildings (the "1991 Standard").  These regulations are titled as the ADA Standards for Accessible Design and are codified at 28 C.F.R. Part 36.  Appendix A to Part 36 contains the ADA Accessibility Guidelines (referred to herein as "ADAAG"), which are the technical requirements to which buildings constructed on or after January 26, 1993 but before September 15, 2010 must adhere to in order to comply with the ADA.

  3. Although signed into law in 1990, the technical requirements of the ADA did not take effect until January 26, 1993 to give businesses time to come into compliance. Even if non-conforming barriers to access were constructed prior to 1990, places of public accommodation must comply with the ADAAG Standards if compliance is readily achievable.[4]

  4. On September 15, 2010, the Department of Justice revised the ADA Standards for Accessible Design and the ADAAG, which revisions are codified at 28 C.F.R. Part 36, subpart D and Part 1191 (the "2010 Standard").  The 2010 Standard applies to buildings constructed or altered in a relevant manner after March 15, 2012.  Buildings constructed or altered on or after September 15, 2010 but before March 15, 2012 must comply with either the 1991 or 2010 Standard.

---

[2] 42 U.S.C. §12205.
[3] 42 U.S.C. §12182(a).
[4] 42 U.S.C. §12182(b)(2)(A)(iv); 28 C.F.R. 36.304.

5. Any site that has undergone relevant renovations since March 2012 must fully comply with the 2010 Standard, rather than maintaining compliance with the 1991 Standard alone.[5]

6. Title III of the ADA specifically governs barriers to access in places of public accommodation operated by private entities such as Defendants.

## PARTIES, JURISDICTION AND VENUE

7. Plaintiff Linda Suda is a citizen and resident of the State of Utah.

8. Plaintiff suffers from neurological damage because of an automobile accident.

9. Because of this accident, Plaintiff has permanent weakness and dysfunction on the left side of her body that significantly impairs her mobility.

10. Because of Plaintiff's disability and impairments described above, she must use a wheel chair for mobility.

11. Plaintiff has a permanent disability parking permit from the State of Utah.

12. Defendant, White Bull, LLC ("White Bull"), is a Utah limited liability company that owns the real property located at 2104 S. 700 E. in Salt Lake City, Utah (the "Premises")[6].

13. Upon information and belief, Defendant White Bull leases commercial space on the Premises to multiple other entities for the operation of restaurants and retail businesses.

14. The Premises is a "place of public accommodation" subject to the requirements of Title III of the ADA.

---

[5] 28 C.F.R. 36.406(a)(3).
[6] The Premises is a commercial strip mall that includes multiple restaurants and retail businesses.

15. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, §2201 and 42 U.S.C. §12188.

16. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) as Plaintiff's claims arose in this district and Defendants' conduct business herein.

## FACTUAL ALLEGATIONS

17. Plaintiff incorporates the foregoing paragraphs herein.

18. Title III of the Americans with Disabilities Act expressly prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, privileges or accommodations by any person that owns, leases or operates any place of public accommodation.[7]

19. Under the ADA, discrimination includes failure to remove architectural barriers to access by disabled persons, where readily achievable, or to make reasonable modifications to policies and procedures to afford goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.[8]

20. Plaintiff Linda Suda lives with a permanent disability and must use a wheelchair for mobility.

21. Defendants own the Premises and/or lease space or operate a business located at the Premises.  Defendants offer goods and services to the general public and the Premises is a place of public accommodation as defined by C.F.R. §36.104 and 42 U.S.C. §12181(7).

---

[7] 42 U.S.C. §12182(a).
[8] 42 U.S.C. §12182(b)(2)(A)(ii) and (iv).

22. The architectural barriers to access on Defendants' Premises include, but are not limited to, the following:

23. Accessible spaces lack signs with the International Symbol of Accessibility as required by ADAAG.[9]

24. The Premises has curb ramps that exceeds the maximum allowable slope under both standards of ADAAG of 1:12/8.33% (with slopes as high as 11.4%).[10]

25. The Premises has spaces marked as accessible spaces with no access aisles as required by ADAAG.[11]

26. The accessible spaces and accessible route to the accessible entrance includes sections which exceed the maximum allowable cross-slope of 1:50/2% (1991 Standard) and 1:48/2.0833% (2010 Standard) under ADAAG (with slopes as great as 3.7%).[12]

27. The Premises lacks van accessible sign that meet the requirements of ADAAG.[13]

28. The accessible route from accessible parking to the entrance crosses large gaps, cracks and other barriers that violate rules against changes in level under ADAAG.[14]

29. There is no accessible route to the entrance of the business as required by ADAAG.[15]

---

[9] 1991 Standard §4.6.4.; 2010 Standard §502.6.
[10] 1991 Standard §4.7.2, 2010 Standard §§406.1, 406.2.
[11] 1991 Standard §4.6.6; 2010 Standard §502.3.
[12] 1991 Standard § 4.3.7; 2010 Standard §403.3
[13] 1991 Standard §§4.7.2, 4.7.5.; 2010 Standard §§406.2, 406.3, 406.4, 502.2, 502.3, 502.4.
[14] 1991 Standard §4.3; 2010 Standard §303.
[15] 1991 Standard §4.3; 2010 Standard §§400-410 et al.

30. Accessible parking spaces and their access aisles have surface areas with slopes exceeding the 1:48/2.083% (2010) and 1:50/2% (1991) maximum allowed by ADAAG (with slopes as great as 3.0%).[16]

31. The curb ramp flairs exceed the maximum allowable slope under both standards of ADAAG of 1:10/10% (with slopes as high as 19.6%).[17]

32. Removal of the architectural barriers to access is readily achievable and could be completed by Defendants without significant difficulty or expense.

33. No notice to Defendants is required under ADAAG as a result of Defendants' failure to cure the violations contained herein during the many decades since ADAAG's adoption. Congress did not require disabled people to beg for access— the duty lies with the property owner and business to comply with the law.

34. Plaintiff has visited the Premises to purchase take-out food and has encountered the barriers described in this Complaint which caused her actual difficulty and distress in attempting to reach the entrance to the Premises and she will continue to encounter them until they are remedied.

35. The barriers to access on the Premises exclude persons with disabilities such as Plaintiff from full and equal enjoyment of the goods, services, privileges and accommodations offered by Defendants.

36. Defendants have failed to make establish or modify their policies, practices and procedures, when such modifications are necessary to afford goods, services, facilities,

---

[16] 1991 Standard §4.6.3; 2010 Standard §502.4.
[17] 1991 Standard §4.7.5; 2010 Standard §406.3.

privileges, advantages, or accommodations to individuals with disabilities. Specifically, Defendants have failed to modify or establish procedures to ensure: 1) violations of the ADA do not occur on the Premises in the future, and 2) any future violations of the ADA on the Premises are identified and remedied in a timely manner.

37. As a result of Defendants' unlawful architecture and failure to remedy, Plaintiff and other disabled persons are subject to ongoing discrimination due to their disability, as well as embarrassment, distress, indignity and limitations to their personal freedom.

38. Plaintiff's knowledge of the barriers described in this Complaint deterred Plaintiff's access to, or full use and enjoyment of the Premises.

## FIRST CAUSE OF ACTION
### Injunction for Violation of Title III of the ADA

39. Plaintiff incorporates the foregoing paragraphs herein.

40. Title III of the Americans with Disabilities Act expressly prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, privileges or accommodations by any person owns, leases or operates any place of public accommodations.[18]

41. Defendants own, lease and/or operate a place of public accommodation and are subject to the requirements of Title III of the ADA[19].

42. Under the ADA, failure to remove architectural barriers to access by disabled persons, where readily achievable, constitutes discrimination.[20]

---

[18] 42 U.S.C. §12101.
[19] 28 C.F.R. §36.104; 42 U.S.C. §12181(7).
[20] 42 U.S.C. §12181(2)(A).

43. The Department of Justice defined "readily achievable" as meaning "easily accomplishable and able to be carried out without much difficulty or expense"[21].

44. Defendants have engaged in discriminatory practices by: 1) failing to construct their facility in a way that is readily accessible to persons with disabilities, 2) failing to comply with ADA guidelines when remodeling facilities, 3) failing to remove architectural barriers to access, where removal is readily achievable and 4) operating their facility in a way which does not allow disabled persons to fully and equally the goods and services provided to the general public.

45. Defendants have continued their discriminatory practices against persons with disabilities by refusing or otherwise failing to remove architectural barriers to access.

46. Because of Defendants' unlawful conduct, Plaintiff and other disabled persons have been subjected to discrimination by being unable to fully and equally access the goods, services and facilities offered to the general public, to the fullest extent possible. Plaintiff and other disabled persons continue to be irreparably harmed as the discrimination is ongoing.

47. Plaintiff is entitled to a permanent injunction requiring Defendants to correct each violation of the ADA identified herein pursuant to 42 U.S.C. §12188(a).

48. Plaintiff was required to retain counsel to pursue this action and is entitled to an award of reasonable attorney's fees and costs for bringing this suit, as specifically allowed by 42 U.S.C. §12205.

---

[21] 28 C.F.R. 6.304(a).

## SECOND CAUSE OF ACTION
### Declaratory Relief

49. Plaintiff incorporates the foregoing paragraphs herein.

50. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201.

51. Plaintiff requests declaratory judgment: 1) declaring an actual controversy between Plaintiff and Defendants with regard to each of Defendants' violations of the ADA, and 2) specifying Plaintiff's rights as a disabled person under the ADA as they pertain to Defendant's facility.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against the Defendant as follows:

A. For a permanent injunction requiring Defendants to correct each violation of the ADA identified herein pursuant to 42 U.S.C. §12188(a) within a reasonable time but, in no event, greater than six (6) months;

B. For an order of the Court: 1) declaring that there is an actual controversy between Plaintiff and Defendants with regard to each of Defendants' violations of the ADA, and 2) specifying Plaintiff's rights as a disabled person under the ADA as they pertain to Defendants' facility;

C. For an award of Plaintiff's attorney's fees and costs of bringing this suit as authorized by the ADA at 42 U.S.C. §12205; and

D. For any and all other relief the Court deems just and equitable.

DATED this 20th day of December, 2023.

                                              FORD & CRANE PLLC

                                              /s/ Matthew B. Crane
                                              Matthew B. Crane (UTB# 13909)
                                              *Attorney for Plaintiff*